IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTY ALLEN MULLINS,<br><br>    Petitioner,<br><br>vs.<br><br>WARDEN FOULKE,<br><br>    Respondent. | No. C 14-0858 JSW (PR)<br><br>**ORDER TO SHOW CAUSE;<br>GRANTING LEAVE TO PROCEED IN<br>FORMA PAUPERIS**<br><br>(Docket No. 2) |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutionality of his state court conviction. Respondent is ordered to show cause why the petition should not be granted, and Petitioner is granted leave to proceed in forma pauperis.

## BACKGROUND

In 2012 in Sonoma County Superior Court, Petitioner entered a plea of nolo contendere to a multitude of charges and sentence enhancements He was sentenced to a term of 31 years in state prison. He states that his direct appeals were "abandoned," and then in 2013 he filed a succession of habeas petitions in each of the three levels of the California courts. The California Supreme Court denied the last of these in February 2014. Petitioner then filed the instant federal petition.

# DISCUSSION

## I   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *Id.* § 2243.

## II.   Legal Claims

As grounds for federal habeas relief, Petitioner claims: (1) that he received ineffective assistance of counsel; (2) that his plea of nolo contendere was not knowing and voluntary; (3) that the prosecutor and police committed misconduct, including failing to disclose potentially exculpatory evidence; and (4) his sentence was not authorized by state law and is disproportionate to his crime.  Liberally construed, these claims are sufficient to warrant a response from Respondent.

# CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it

on Respondent within **twenty-eight (28)** days of the date the answer is filed.

3. Respondent may, within **ninety-one (91) days**, file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28)** days of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14)** days of the date any opposition is filed.

3. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

4. Petitioner's application to proceed in forma pauperis is GRANTED (dkt. 2).

IT IS SO ORDERED.

DATED: April 18, 2014

JEFFREY S. WHITE
United States District Judge

3

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| MONTY ALLEN MULLINS, | Case Number: CV14-00858 JD |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| WARDEN FOULKE et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 18, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Monty Allen Mullins AL 1169
High Desert State Prison
P.O. Box 3030
Susanville, CA 96127-3030

Dated: April 18, 2014

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk